UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:06-CV-23-R

MILES FARM SUPPLY, LLC                                                                PLAINTIFF

v.

HELENA CHEMICAL CO.                                                                   DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Bill of Costs (Docket #77). Plaintiff has objected (Docket #79) and Defendant has responded (Docket #80). This matter is now ripe for adjudication. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection in part and **SUSTAINS** Plaintiff's Objection in part.

**STANDARD**

Under Federal Rule of Civil Procedure 54(d), a prevailing party is allowed to recover its costs unless the court directs otherwise. The rule for what costs may be taxed in federal court is established by 28 U.S.C. §1920. Section 1920 states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. V. Am. Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986). Any costs taxed by the court must be allowable under §1920 and reasonable and necessary in amount. *See BDT Products, Inc. v. Lenmark Intern., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). However, the party objecting to the taxation bears the burden of persuading the court that taxation is improper. *Id.* at 420.

## DISCUSSION

In accordance with Rule 54(d), Defendant, Helena Chemical Company ("Helena"), timely submitted its Bill of Costs to the Court, claiming expenses totaling $19,476.06. Plaintiff, Miles Farm Supply, LLC ("Miles"), makes five specific objections to the Bill of Costs under subsections (2) and (4) of §1920 for expenses totaling $14,166.43. The Court will consider each objection in turn.

### I. Section 1920(2) - Fees of the Court Reporter

#### A. For Costs of Copies of Deposition Witnesses

Miles objects to the charges for deposition transcript copies of witnesses noticed by Miles, not Helena, arguing that Helena may only recover costs associated with the original transcripts of the witnesses whose depositions it took. Courts should grant the costs of deposition copies to prevailing parties where the copies were necessary for the preparation of the case and not merely a convenience. *See Thalji v. Teco Barge Line*, 2007 WL 2827527 *3 (W.D.

Ky. 2007) (citing *United States v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963)).  Miles cites several cases in support of its contention that Helena may only recover the costs associated with the depositions of witnesses it noticed.  However, the Court finds none of these cases to be decisive.  Instead, the Court considers whether the copies were necessary for preparation of this case.

      Helena contends that the deposition copies were necessary since Helena relied on them in briefing their motion for summary judgment.  Indeed, Helena's motion for summary judgment repeatedly cited and directly quoted from the depositions of witnesses noticed by Miles.  The Court likewise relied on them in its Memorandum and Opinion granting summary judgment in favor of Helena.  For these reasons, the Court finds that the copies of these depositions are properly taxable as costs.

      Furthermore, Miles seeks to deduct a lump sum of $5,515.06 in charges for these depositions, but fails to specify to which depositions these charges refer.  It is not the role of the Court to determine which depositions were taken by Miles and which were taken by Helena and the amounts charged in each instance.  The burden is on Miles to persuade the Court that these charges are improper.  By failing to identify the deposition charges to which Miles refers, Miles has failed to meet its burden.

      **B.  For Amounts Above Court Reporter's Per Page Charge**

      Miles next objects to the charges associated with the court reporter's per page charge for Helena's original transcripts.  Miles argues that Helena may only recover the costs of the court reporter's $2.50 charge per page for the original transcripts noticed by Helena.  Miles submits its $2.50 charge per page fee based on the affidavit of Vonda Scott Motsinger, a paralegal at the

firm of Wyatt, Tarrant & Combs, LLP, who was advised by the court reporter used in this case that the firm charged $2.50 per page for original transcripts. In fact, the court reporter invoices submitted by Helena show that the court reporter charged $2.40 per page for the original transcripts of William Miles, Ray Purk, Debra Seymour, Billy Joe Miles, Greg Woodall, Greg Head, and Jason Roberts, and $2.50 per page for the original transcripts of Larry Stivers, David Cecil, Ed Delaney, and Debbie Embry. For those originals charged at $2.40 per page, the court reporter charged $1.30 per page for transcript copies. For those originals charged at $2.50 per page, the court reporter charged $1.65 per page for transcript copies. Thus, any costs incurred above the court reporter's per page charge relate to the $1.30 and $1.65 per page charges for transcript copies.

      The original transcript costs of the depositions of William Miles, Ray Purk, Debra Seymour, Billy Joe Miles, Greg Woodall, Greg Head, Jason Roberts, Larry Stivers, David Cecil, Ed Delaney, and Debbie Embry amount to $6,163.20. Helena also obtained transcript copies of each of these original transcripts, which cost an additional $3,525.90. Helena provides the affidavit of Robert B. Craig to account for the costs of these additional transcript copies. Craig, an attorney of record for Helena, explains that although Helena paid for the original transcripts, Helena never received them. Instead, the court reporter either held the original transcripts or delivered them to Miles' attorneys for signature. Helena maintains that it would not have been able to utilize the testimony of the aforementioned witnesses if it had not ordered additional copies of the transcripts. Therefore, the copies were necessary for the preparation of Helena's case.

      The Court finds that the copies of these transcripts are properly taxable as costs. The

Court bases its decision on the affidavit of Robert B. Craig who explains that the copy costs were necessary for the preparation of this litigation and the fact that Miles has offered no case law in support of its position that these fees should be deducted.

### C. For Pages for State Case

Miles objects to the charges for the portions of Helena's original deposition transcripts that relate to a separate state court action involving former Miles employees. Miles argues that, in an effort to reduce costs and prevent duplicative discovery, Miles and Helena agreed that any depositions taken in this case could be used in both the federal and state court cases. Because portions of Helena's original transcripts include questioning pertinent to the state court action, Miles asserts that Helena should not be able to recover for those transcript costs in federal court. Without explaining to the Court how it did so, Miles reasoned that 1265 pages of Helena's original transcripts pertained only to the state court case and not the federal case. Therefore, Miles calculates that a deduction of $3,162.50 from Helena's transcript costs is appropriate.[1]

Helena acknowledges the cost-saving arraignment between the parties, but contends that it only benefits Miles since the state court action does not involve Helena. Furthermore, Helena notes that Miles has failed to explain how it determined what portion of each transcript was devoted to the "duplicative and wasteful questioning by attorneys" regarding the state court action. Helena offers as an example its use of well more than the 36 pages of Greg Head's 257-page transcript in its motion for summary judgment, even though Miles only attributes 36 pages of that transcript to issues concerning this federal case.

The Court recognizes the impracticalities of dividing deposition transcript costs into

---

[1] This represents 1265 pages at $2.50 per page.

5

portions based on their relevant questioning since parties often disagree as to what is relevant and what is not for purposes of preparing for litigation. At the same time, the Court is mindful of the high costs associated with duplicative deposition discovery. Other courts have determined that depositions taken for use in both federal and state court can be taxable as costs. *See, e.g., Staszak v. Kimberly-Clark Corp.*, 2002 WL 31557610 at *1 (N.D. Ill. Nov.18, 2002) (deposition transcript costs awarded regardless of connection to related pending state court case). With these considerations in mind, and in particular the fact that Miles did not present to the Court the method by which it divided the transcript costs between the federal and state court actions, the Court finds that Helena's original transcripts are fully taxable costs.

### D. For Deposition Exhibit Copies

Miles objects to the charges for Helena's copies of deposition exhibits. Miles argues that because Helena had copies of all the deposition exhibits prior to the depositions, any additional copies were merely for the convenience of Helena's counsel. In his affidavit, Robert B. Craig explains that he did not receive copies of every exhibit for every deposition. Therefore, Helena ordered a complete copy of every deposition exhibit to ensure that it had one full and complete copy of every exhibit.

Copies of deposition exhibits are not taxable costs where the party was already in possession of the exhibits prior to the taking of depositions. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). At the same time, the cost of obtaining one set of discovery documents in a usable format is reasonably necessary to the maintenance of an action and taxable. *See Irwin Seating Co. v. International Business Machines Corp.*, 2008 WL 1869055 *3 (W.D. Mich. 2008). Here, Miles offers no evidence in support its contention that

Helena already possessed all the deposition exhibits prior to the taking of the depositions. Therefore, the Court relies on the affidavit of Craig stating that Helena did not have all the exhibits, plus the fact that the exhibit copy cost amounts to only $193.88, to conclude that the deposition exhibit copies were necessary and now taxable.

**II. Section 1920(4) - Fees for Exemplification and Copies of Papers**

Miles objects to the charge for the copying of documents produced by Helena. Miles argues that only the 123 pages of exhibits appended to Helena's motion for summary judgment are recoverable at the per page limit for copying under the Sixth Circuit's Local Rule 39(a). This rule governs the costs recoverable for paper brief filing before the Sixth Circuit and states in pertinent part that "[c]osts shall be taxed at the lesser of the actual cost or at a cost of 25 cents per page." 6th Cir. R. 39(a). Applying the Sixth Circuit's 25 cents per page limit to the 123 pages of appended exhibits, Miles argues that Helena should recover only $30.75, instead of the $2,196.62 it requests for copying.

In response, Helena asserts that these copying charges relate to a number of necessary and reasonable copies made throughout the course of this litigation, not just the exhibits appended to Helena's motion for summary judgment. In particular, Helena explains that $1,725.10 of the total copying cost comes from the bates-numbering and copying of initial documents produced by Miles in October 2006; $164.70 is for the copying of documents produced by Miles in August 2007; $15.90 is for the copying of a disc produced by Miles containing electronic documents; and $290.92 is for the copying of another set of documents produced by Miles.

Section 1920(4) allows for the recovery of "[f]ees for exemplification and copies of

papers necessarily obtained for use in the case." Several courts have read this section to mean that a party may only recover the copying costs associated with documents prepared for the court's consideration or for the opposing party. *See, e.g., Pion v. Liberty Dairy Co., a Div. of Dean Foods Co.*, 922 F.Supp. 48, 53 (W.D. Mich. 1996) (limiting copying fees to trial exhibits); *Simmons v. O'Malley*, 235 F.Supp.2d 442, 444 (D. Md. 2002) (stating that taxable photocopying expenses include photocopies "furnished to the court and opposing counsel"); *Ochana v. Flores*, 206 F.Supp.2d 941, 946 (N.D .Ill. 2002) (identifying necessary copying as "only copies for the court and one copy for opposing counsel"). The Court finds no case law in support of Miles contention that the Sixth Circuit's Local Rule 39(a) is governing in this instance.

However, the Court cannot determine from the documentation provided by Helena how many copies were for the Court or the opposing party, and how many copies were for the convenience of counsel. Helena has broken down the total copying cost into its specific amounts; however, it has failed to identify how the copies were used in preparing for trial. The Court does not doubt that Helena incurred some copying costs in conjunction with submitting documents to the Court and opposing counsel and should be compensated for those costs; however, the Court cannot determine that amount based on the documentation before it. Therefore, the Court believes it fair to discount Helena's copying costs by 50%. *See Irwin Seating Co.*, 2008 WL 1869055 *6 (discounting copying charges by 40% where documentation was imprecise). Accordingly, the Court will remove $1,098.31 from the Bill of Costs.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection to the Bill of Costs is **OVERRULED** in part and **SUSTAINED** in part. Costs are taxed in the amount of Eighteen

Thousand Three Hundred Seventy-Seven and 75/100 Dollars ($18,377.75).